IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF ARKANSAS, SAVE AR DEMOCRACY, BONNIE HEATHER MILLER, and DANIELLE QUESNELL | Plaintiffs |
| and | |
| PROTECT AR RIGHTS and FOR AR KIDS | Proposed Intervenor-Plaintiffs |
| v.     Case No. 5:25-cv-05087-TLB | |
| COLE JESTER, Arkansas Secretary of State, in his official capacity | Defendant |
| and | |
| TIM GRIFFIN, Arkansas Attorney General, in his official capacity | Proposed Defendant |

## MOTION TO INTERVENE

Comes Proposed Intervenor-Plaintiffs Protect AR Rights and For AR Kids (collectively, "Movants"), and for their motion to intervene, state:

1. Movants are entitled to intervene as of right in the above-captioned case (the "main action") under Federal Rule of Civil Procedure 24(a)(2).

2. In the main action, Plaintiffs challenge a series of laws passed by the Arkansas General Assembly from 2013 to 2025 that impede their ability to engage voters and present their measures to the voters at an election.

3. Movants are Arkansas ballot question committees ("BQCs") that plan to support and collect signatures for ballot measures that would appear on the

November 2026 general-election ballot. They seek to challenge many of the same provisions addressed in the main action, as well as provisions not addressed in the main action.

4. First, "[i]n the Eighth Circuit, a prospective intervenor must establish Article III standing." *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 974 (8th Cir. 2014) (quotation marks omitted).

5. Movants have Article III standing because the challenged laws infringe upon their First and Fourteenth Amendment rights and if the Court enjoins the challenged laws, Movants will be able to engage in the initiative-and-referendum process without those unconstitutional restrictions.

6. Second, under Federal Rule of Civil Procedure 24(a), "a court must permit anyone to intervene who: (1) files a timely motion to intervene; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Id.* at 975 (quotation marks omitted); *see also* Fed. R. Civ. P. 24(a)(2).

7. Movants' motion to intervene is timely and will not cause undue delay or prejudice to the parties because the main action was initiated just over three weeks ago and no other action has taken place.

8. Movants have an interest relating to the subject of the main action that will be impaired if Defendants prevail because if the challenged laws are not

enjoined, they will continue to impede Movants' ability to exercise their rights under the First and Fourteenth Amendments and interfere with their ability to communicate with voters during the initiative-and-referendum process.

    9.    Movants' interests are not adequately represented by the existing parties because Plaintiffs do not challenge all of the laws Movants intend to challenge, including Act 602 of 2025, which requires ballot titles to be written at an eighth-grade reading level, and Ark. Code Ann. § 7-9-126(e), which requires ballot-initiative sponsors to collect a specified number of signatures from fifty counties instead of the fifteen counties originally required by the Arkansas Constitution.

    10.    Additionally, For AR Kids is uniquely situated in its need for relief—and uniquely situated to seek a preliminary injunction on several of the laws—because it is the only BQC involved in this litigation that is collecting signatures after receiving the Attorney General's approval of the language in its ballot title.

    11.    Alternatively, Movants request that the Court allow them to permissively intervene under Federal Rule of Civil Procedure 24(b)(1).

    12.    Rule 24(b)(1) provides that, "[o]n timely motion, the [C]ourt may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

    13.    A court may use its discretion to grant permissive intervention when the proposed intervenor can show: "(1) an independent ground for jurisdiction; (2) timeliness of the motion; and (3) that the applicant's claim or defense and the main

action have a question of law or fact in common." *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015).

14. Movants can show an independent ground for jurisdiction because their claims arise under the First and Fourteenth Amendments to the United States Constitution. Therefore, this court has federal-question jurisdiction over their claims.

15. As stated above, Movants' motion to intervene is timely. *See supra* ¶ 7.

16. Finally, Movants' claims and the main action have many questions of law or fact in common because they both seek to enjoin Arkansas laws that interfere with the initiative-and-referendum process.

17. For these reasons, intervention is appropriate under Rule 24(b)(1). If the Court does not grant intervention as of right, it should allow Movants to permissively intervene.

18. A brief in support of this motion is being filed contemporaneously herewith and is incorporated by reference herein.

19. Movants also submit a proposed complaint in intervention alongside this motion (attached hereto as Exhibit 1). As explained in the accompanying brief, if intervention is granted, Movants intend to amend the complaint pursuant to Federal Rule of Civil Procedure 15 to reflect any factual developments that occur during the pendency of this motion.

WHEREFORE, Proposed Intervenor-Plaintiffs Protect AR Rights and For AR Kids pray that this Court grant their motion to intervene and for all other relief to which they are entitled.

Dated: May 14, 2025                              Respectfully submitted,

/s/ John C. Williams
JOHN C. WILLIAMS (ABN 2013233)
SHELBY H. SHROFF (ABN 2019234)
Arkansas Civil Liberties
        Union Foundation, Inc.
904 W. 2nd St.
Little Rock, AR 72201
(501) 374-2842
john@acluarkansas.org
shelby@acluarkansas.org

-and-

PETER SHULTS (ABN 2019021)
AMANDA G. ORCUTT (ABN 2019102)
SHULTS LAW FIRM LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201-3621
(501) 375-2301
pshults@shultslaw.com
aorcutt@shultslaw.com

-and-

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
bstafford@elias.law
*Pro Hac Vice application forthcoming

Counsel for Proposed Intervenor-Plaintiffs
Protect AR Rights and For AR Kids

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the official court reporter and the following:

David A. Couch
PO Box 7530
Little Rock, AR 72227
(501) 661-1300
david@davidcouchlaw.com
*Attorney for the Plaintiffs*

I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Michael Dockterman
Cara Lawson
Steptoe LLP
227 W. Monroe, Suite 4700
Chicago, IL 60606
(312) 577-1300
mdockterman@steptoe.com
clawson@steptoe.com
*Attorneys for Plaintiff League of Women Voters of Arkansas*

Jordan Broyles
Senior Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 301-0169 (ph)
(501) 682-2591 (fax)
jordan.broyles@arkansasag.gov
*Attorney for Defendant Cole Jester, Arkansas Secretary of State*

                */s/ John C. Williams*
                John C. Williams