# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**LEAGUE OF WOMEN VOTERS OF ARKANSAS**, et al.                                                                      **PLAINTIFFS**

**v.**                               **CASE NO. 5:25-CV-05087-TLB**

**COLE JESTER**, in his official capacity
as Secretary of State of Arkansas                                                       **DEFENDANT**

## DEFENDANT'S ANSWER TO COMPLAINT

Comes Defendant Secretary of State Cole Jester, sued in his official capacity, and for his Answer to Plaintiffs' Complaint, states:

1. Responding to paragraph 1, he acknowledges Plaintiffs bring this action to challenge legislation passed regarding the initiative and referendum (I&R) process in Arkansas. He denies that there has been any degradation of the I&R process by the Arkansas General Assembly and that the enacted laws are unconstitutional. The remainder of paragraph 1 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

2. Paragraphs 2 and 3 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

3. He denies paragraphs 4 and 5.

4. Paragraph 6 contains background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

5.     The allegations in paragraph 7, including all bulleted points thereto, are denied.

6.     He denies paragraphs 8 and 9.

7.     He is without knowledge or information sufficient to form a belief about the truth of an allegations in paragraphs 10, 11, 12, 13, 14, 15, and 16.

8.     He admits paragraph 17.

9.     He admits paragraphs 18, 19, 20, 21, 22, and 23.

10.    Paragraphs 24, 25, 26, 27 and 28 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

11.    He denies paragraphs 29 and 30.

12.    Paragraphs 31, 32, and 33 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

13.    Responding to paragraph 34, he denies that Ark. Code Ann. § 7-9-601(d) creates a burden on Plaintiffs' core political speech and denies the allegation that the statute is not narrowly tailored to achieve a compelling state interest. The remainder of paragraph 34 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

14.    Responding to paragraph 35, he denies that Ark. Code Ann. § 7-9-601(g)(1) creates a burden on Plaintiffs' core political speech and denies the allegation that the statute is not narrowly tailored to achieve a compelling state interest. The remainder of paragraph 35 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

15. Responding to paragraph 36, he denies that Ark. Code Ann. § 7-9-103(a)(6) creates a burden on Plaintiffs' core political speech and denies the allegation that the statute is not narrowly tailored to achieve a compelling state interest. The remainder of paragraph 36 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

16. He acknowledges that Plaintiffs state they do not dispute "that the General Assembly can fashion protections to avoid fraud in the electoral process when there is evidence of fraud and when the protections are narrowly tailored to address the fraud and do not place a burden on voters." The remaining allegations in paragraph 37 are denied.

17. He denies the allegations in paragraph 38.

18. Responding to paragraph 39, he denies that Ark. Code Ann. § 7-9-113(a)(2)(a) creates a burden on Plaintiffs' core political speech and denies the allegation that the statute is not narrowly tailored to achieve a compelling state interest. The remainder of paragraph 39 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

19. He denies the reimbursement of election publication costs to the Secretary of State has a chilling effect on a sponsor and denies the law is unconstitutional, as alleged in paragraph 40. The remainder of paragraph 40 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

20.     He denies the allegations in paragraph 41.

21.     Paragraphs 42, 43, 44, and 47 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

22.     He denies the allegations in paragraph 45.

23.     Responding to paragraph 46, he denies that Act 241 of 2025 creates a burden on Plaintiffs' core political speech and denies the allegation that the statute is not narrowly tailored to achieve a compelling state interest. The remainder of paragraph 46 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

24.     Responding to paragraph 48, he denies that Act 241 of 2025 creates a burden on Plaintiffs' core political speech and denies the allegation that the statute is not narrowly tailored to achieve a compelling state interest. The remainder of paragraph 48 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

25.     He admits that Acts 218, 240, 241, and 274 passed with emergency clauses, and he admits that the language quoted in paragraph 49 is part of the language from the emergency clause. All remaining allegations in paragraph 49 are denied.

26.     He denies that the laws challenged in the Complaint are unconstitutional, and therefore, denies that Plaintiffs are entitled to the relief requested. Therefore, he denies the allegations in paragraphs 50.

27. He is without knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 51.

28. He denies the allegations that "the laws challenged in the complaint impact that ability of the Plaintiffs to collect signatures, both paid and volunteer," and denies that "cumulatively, the laws effectively prohibit Plaintiffs' ability to do so." He is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 52.

29. Paragraphs 53, 54, 55, 56, 57, and 58 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

30. He denies that Act 241 "serves no purpose" and denies that there is "no legitimate reason" for the distinctions among canvassers. The remainder of paragraph 59 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

31. He denies that "the requirement that the sponsor pay for the election publication cost imposes a substantial unknown financial burden on the ballot question committee." The remainder of paragraph 60 is background information or legal opinions of Plaintiffs, and not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

32. Responding to paragraph 61, he restates his responses to paragraphs 1-60 as if set forth herein word for word.

33. Paragraphs 62, 63, and 64 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

34. He denies the allegations in paragraphs 65, 66, 67 and 68.

35. Responding to paragraph 69, he restates his responses to paragraphs 1-68 as if set forth herein word for word.

36. Paragraphs 70 and 71 contain background information and legal opinion of Plaintiffs; not allegations against him that require an admission or denial. To the extent these are intended to be allegations against him, they are denied.

37. He denies the allegations in paragraphs 72, 73 and 74.

38. He denies the laws challenged in the complaint are unconstitutional as stated in subparts a, b, c, d, e, f, and g of the WHEREFORE clause. He denies further that any laws that are challenged in the complaint are unconstitutional. He denies Plaintiffs are entitled to any of the relief requested.

39. Pleading affirmatively, he states that Plaintiff has failed to state a claim upon which relief may be granted and therefore the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

40. He denies separately and specifically each and every material allegation of the complaint not herein admitted.

41. He reserves the right to amend this answer and to assert additional defenses and affirmative defenses that discovery may reveal to be appropriate.

WHEREFORE, Defendant Secretary of State Cole Jester, sued in his official capacity, respectfully requests that this Court dismiss the claims against him and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General

Jordan Broyles
Ark. Bar No. 2015156
Senior Assistant Attorney General

Ryan Hale
Ark. Bar No. 2024310
Senior Assistant Attorney General

Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
(501) 301-0169; (501) 682-2591 fax
jordan.broyles@arkansasag.gov

*Counsel for Defendant Cole Jester, in his official capacity as Arkansas Secretary of State*
