IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEAGUE OF WOMEN VOTERS OF ARKANSAS,
SAVE AR DEMOCRACY, BONNIE HEATHER
MILLER, and DANIELLE QUESNELL                                        Plaintiffs

and

PROTECT AR RIGHTS and FOR AR KIDS                          Intervenor-Plaintiffs


v.                              Case No. 5:25-cv-05087-TLB


COLE JESTER, Arkansas Secretary of State,
in his official capacity                                                    Defendant

and

TIM GRIFFIN, Arkansas Attorney General,
in his official capacity                                     Intervenor-Defendant


## INTERVENOR-PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

In this case, Intervenor-Plaintiffs challenge state statutes that

unconstitutionally infringe on their First Amendment right to participate in ballot-

initiative campaigns, as well as their rights to due process and equal protection

under the Fourteenth Amendment. Under Federal Rule of Civil Procedure 65(a),

Intervenor-Plaintiffs now seek a preliminary injunction against six of these laws.

Specifically, they ask the court to preliminarily enjoin Defendants from enforcing

the following laws, which are further described in the complaint in intervention and

in the brief accompanying this motion:

1

- The Reading-Level Requirement, Act 602 of 2025. This law is challenged in Counts 1, 2, and 3 of the complaint in intervention.

- The Canvassing Regulations, Acts 218, 240, and 274 of 2025. Counts 4, 5, 6, 7, and 8 of the complaint in intervention cover these laws (though not every count challenges each law).

- The Pre-Collection Disclosure Requirement, Ark. Code Ann. § 7-9-601(a)(2)(C) (along with an associated statute preventing signatures from being counted if a canvasser does not adhere to the Pre-Collection Disclosure Requirement, Ark. Code Ann. § 7-9-126(b)(4)). This law is challenged in Count 11 of the complaint in intervention.

- The Fifty-County Requirement, Ark. Code Ann. § 7-9-126(e). This law is challenged in Count 12 of the complaint in intervention.[1]

As explained in the accompanying brief, Intervenor-Plaintiffs are likely to succeed on each count of the complaint in intervention enumerated above. Without a preliminary injunction, Intervenor-Plaintiffs will be irreparably harmed because their First Amendment rights will be infringed and because they will be unable to have their measures placed on the 2026 ballot if the laws are enforced. The balance

---

[1] The complaint in intervention challenges the following additional statutes, which Intervenor-Plaintiffs do not seek to preliminarily enjoin in this motion: (1) Ark. Code Ann. § 7-9-103(a)(6), which requires all canvassers to be Arkansas residents (Count 9): (2) Act 453 of 2025, which requires paid canvassers to be domiciled in Arkansas (Counts 9 and 10); (3) Act 241 of 2025, which requires all canvassers to submit an additional affidavit with their signatures and creates a blackout period after submission of the affidavit during which the canvasser may not collect additional signatures (Counts 13 and 14); and (4) Act 273 of 2025, which allows the Secretary of State to exclude a canvasser's signatures if he determines by a preponderance of the evidence that the canvasser committed certain acts (Count 15).

of the equities favors protection of Intervenor-Plaintiffs' constitutional rights, and a preliminary injunction is warranted.

In support of this motion, Intervenor-Plaintiffs rely on the complaint in intervention, the brief submitted in support of this motion, and the following exhibits attached hereto:

- Exhibit 1 – Act 602 of 2025

- Exhibit 2 – Act 218 of 2025

- Exhibit 3 – Act 240 of 2025

- Exhibit 4 – Act 274 of 2025

- Exhibit 5 – Act 273 of 2025

- Exhibit 6 – Declaration of Bill Kopsky

- Exhibit 7 – Declaration of Jennifer Waymack Standerfer

- Exhibit 8 – Declaration of Sarah Stumpenhaus

- Exhibit 9 – Declaration of Cheri Ertman

- Exhibit 10 – Declaration of Judy Harrison

- Exhibit 11 – Declaration of Julia Taylor

- Exhibit 12 – Declaration of Sarah Thompson

- Exhibit 13 – Declaration of Elaine Williams

- Exhibit 14 – Declaration of Lauren Cowles

- Exhibit 15 – Declaration of Alison Guthrie

- Exhibit 16 – June 2, 2025, letter from the Arkansas Attorney General rejecting Protect AR Rights' ballot title

- Exhibit 17 – July 1, 2025, letter from the Arkansas Attorney General rejecting Protect AR Rights' ballot title

- Exhibit 18 – Arkansas Attorney General's instructions to canvassers and signers

WHEREFORE, Intervenor-Plaintiffs respectfully request that the Court:

A.    Hold a hearing on this motion;

B.    Issue an order that, pending a decision on the merits of Intervenor-Plaintiffs' claims, preliminarily enjoins Defendants, their respective agents, officers, employees, and successors, and all persons acting in concert with each or any of them, from enforcing the following statutes and acts of the Arkansas General Assembly:

    i.    The Reading-Level Requirement, Act 602 of 2025;

    ii.    The Canvassing Regulations, Acts 218, 240, and 274 of 2025;

    iii.    The Pre-Collection Disclosure Requirement, Ark. Code Ann. § 7-9-601(a)(2)(C); and

    iv.    The Fifty-County Requirement, Ark. Code Ann. § 7-9-126(e).

C.    Insofar as the case has not been resolved on the merits before Defendant Jester would otherwise be required to count and verify signatures for certification of initiative and referendum petitions for inclusion on the 2026 ballot, issue an order requiring Defendant Jester, his respective agents, officers, employees, and successors, and all persons acting in concert with him, to count and verify any otherwise legally valid signatures that do not comply with the Canvassing Regulations, Acts 218, 240, and 274 of 2025;

with the Pre-Collection Disclosure Requirement, Ark. Code Ann. § 7-9-

601(a)(2)(C); or with the Fifty-County Requirement, Ark. Code Ann. § 7-9-

126(e).

D.    Waive security for the preliminary injunction otherwise required under

Fed. R. Civ. P. 65(c).[2]


Dated: July 24, 2025                        Respectfully submitted,


                                            /s/ John C. Williams
                                            JOHN C. WILLIAMS (ABN 2013233)
                                            SHELBY H. SHROFF (ABN 2019234)
                                            Arkansas Civil Liberties
                                                    Union Foundation, Inc.
                                            904 W. 2nd St.
                                            Little Rock, AR 72201
                                            (501) 374-2842
                                            john@acluarkansas.org
                                            shelby@acluarkansas.org

                                            -and-

                                            PETER SHULTS (ABN 2019021)
                                            AMANDA G. ORCUTT (ABN 2019102)
                                            SHULTS LAW FIRM LLP
                                            200 West Capitol Avenue, Suite 1600

---

[2] Because this is a non-commercial case that, at this preliminary stage, involves only non-monetary injunctive relief, and because it serves a public interest to protect constitutional rights and there can be no proper showing of any likelihood of harm or probable loss should the injunction be granted, the Federal Rule of Civil Procedure 65(c) security bond requirement should be waived. *See, e.g.*, *Hopkins v. Jegley*, 508 F. Supp. 3d 361, 454 (E.D. Ark. 2020) (waiving Rule 65(c) bond because the defendants offered no evidence they would be financially harmed if wrongfully enjoined and plaintiffs were "serving a public interest in acting to protect constitutional rights"); *Turtle Island Foods SPC v. Soman*, 424 F. Supp. 3d 552, 579 (E.D. Ark. 2019) (waiving Rule 65(c) bond because "the State has not requested security in the event this Court grants a preliminary injunction nor is there evidence regarding whether, or in what amount, the State will be financially harmed if the Court grants a preliminary injunction"); *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016) (explaining that the Rule 65(c) security requirement is within the discretion of the trial court and that "some courts have not required a bond . . . because of [an] important public interest" a case may pose or "where the damages resulting from a wrongful issuance of an injunction have not been shown").

Little Rock, Arkansas 72201-3621
(501) 375-2301
pshults@shultslaw.com
aorcutt@shultslaw.com

*-and-*

Ben Stafford*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
bstafford@elias.law
**Pro Hac Vice application forthcoming*

*Counsel for Intervenor-Plaintiffs*
*Protect AR Rights and For AR Kids*

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I filed the foregoing on the CM/ECF system, which will serve notice on counsel for all parties.

I further certify that on July 24, 2025, I emailed the foregoing to Senior Assistant Attorneys General Jordan Broyles and Ryan Hale for service on Defendant Attorney General Tim Griffin. I will ensure that Defendant Griffin is served as required under Fed. R. Civ. P. 4 with the Complaint in Intervention, Intervenor-Plaintiffs' Motion for Preliminary Injunction, and Intervenor-Plaintiffs' Brief in Support of Motion for Preliminary Injunction.

/s/ *John C. Williams*
John C. Williams