IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF ARKANSAS, SAVE AR DEMOCRACY, BONNIE HEATHER MILLER, and DANIELLE QUESNELL | Plaintiffs |
| and | |
| PROTECT AR RIGHTS and FOR AR KIDS | Intervenor-Plaintiffs |
| v.    Case No. 5:25-cv-05087-TLB | |
| COLE JESTER, Arkansas Secretary of State, in his official capacity | Defendant |
| and | |
| TIM GRIFFIN, Arkansas Attorney General, in his official capacity | Intervenor-Defendant |

### DECLARATION OF BILL KOPSKY IN SUPPORT OF INTERVENOR-PLAINTIFFS' REPLY TO RESPONSE IN OPPOSITION TO INTERVENOR-PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Bill Kopsky, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18, am competent to testify, and have personal knowledge of the facts and information set forth in this declaration.

2. I am a resident of Conway, Arkansas. I am the Executive Director of the Arkansas Public Policy Panel (the "Panel"), a nonprofit dedicated to expanding social justice in Arkansas through community organizing and coalition building to help Arkansas families and residents improve their communities.

PI Reply Exhibit 1

3. The Panel is a member organization of two Arkansas ballot question committees: Protect AR Rights and For AR Kids (the "BQCs"). I am the treasurer of each BQC.

4. Protect AR Rights sponsors a proposed amendment to the Arkansas Constitution with a popular name of the Arkansas Ballot Measure Rights Amendment. Protect AR Rights submitted the proposed popular name and a ballot title to the Attorney General on May 18, 2025. However, the Attorney General rejected the popular name and ballot title on June 2, 2025. Protect AR Rights submitted another proposed popular name and ballot title on June 17, 2025. The Attorney General rejected the second proposed popular name and ballot title on July 1, 2025. The Attorney General rejected both proposals because, among other reasons, the Attorney General determined that the ballot title was not written at an eighth-grade reading level as calculated by the Flesch-Kincaid Grade Level formula, which is now required by Act 602 of 2025.

5. Protect AR Rights submitted a third proposed popular name and ballot title on July 14, 2025. According to Protect AR Rights' calculation, we believe this version reads at grade level nine on the Flesch-Kincaid scale.

6. On July 28, 2025, the Attorney General certified Protect AR Rights' ballot title. In doing so, the Attorney General found that the ballot title was submitted at grade level 9.2, but he then modified the ballot title, with the resulting title now reading at grade level 8.9. The Attorney General then decided that a score

of 8.9 complies with Act 602, which on its face prohibits the certification of a ballot title "with a reading level above eighth grade."

7. The Attorney General's decision puts Protect AR Rights' signature-gathering and advocacy efforts at risk. The Attorney General is not the final decisionmaker—his decision is subject to independent review by the Arkansas Supreme Court. The ballot title could easily be challenged on the ground that 8.9 is "above eighth grade," and I fully expect an opponent to challenge it on that ground. Based on my experience, such a challenge is highly likely to happen at the end of the election cycle—after we've put enormous time, energy, and resources into the campaign. If the Arkansas Supreme Court finds that a ballot title written at grade level 8.9 does not comply with Act 602, it will effectively moot Protect AR Rights' signature-gathering efforts, which are time-consuming for the campaign and the thousands of Arkansas citizen volunteers who will help us, and extremely expensive.

8. The Attorney General's decision also negatively affects Protect AR Rights' ability to recruit volunteers and raise funds to gather sufficient signatures. Volunteers and donors are hesitant to give their time, money, and other resources to Protect AR Rights' campaign because they are nervous that their efforts to qualify for the ballot will be ruined if the ballot title is challenged and invalidated for not complying with Act 602. Our supporters are aware of the risk the Attorney General's certification causes, and I have spoken with volunteers and donors who are hesitant to commit to Protect AR Rights' campaign because of this risk.

9. Protect AR Rights and For AR Kids are grassroots campaigns and generally rely on volunteer canvassers to collect signatures. Protect AR Rights' and For AR Kids' volunteer canvassers typically support other initiatives and collect signatures for other petitions. Similarly, canvassers affiliated with other ballot initiatives sometimes collect signatures for Protect AR Rights and For AR Kids. Sometimes, there are coalitions of BQCs that support each other's initiatives and help each other collect signatures. All to say, canvassers often collect signatures for multiple petitions at the same time.

10. It would be very confusing to our volunteers if they were required to adhere to the Canvassing Regulations—the Reading Requirement (Act 274), the ID Requirement (Act 240), and the Crime-Notification Requirement (Act 218)—for some of their petitions but not others. Many of them would be unable to keep track of when they had to read the ballot title, collect ID, and give the crime warning, and it is likely that they would adhere to the Canvassing Regulations even when collecting Protect AR Rights' and For AR Kids' signatures for fear of violating these provisions. The Canvassing Regulations have already deterred canvassers from volunteering to collect signatures, and based on this experience volunteers will continue to be deterred if the regulations continue to apply to other petition efforts. Our volunteers who have canvassed report that potential signers are difficult to engage or hesitant to sign because of the new laws, and I do not expect that would change if the Canvassing Regulations remain in place for some campaigns and not others.

11. Requiring canvassers to comply with the Canvassing Regulations for some initiatives and not others would negatively affect Protect AR Rights' and For AR Kids' ability to recruit volunteer canvassers and gather the requisite number of signatures.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 12, 2025       _____
                                Bill Kopsky