# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF ARKANSAS, et al., | |
| *Plaintiffs,* | |
| and | |
| PROTECT AR RIGHTS, et al. | |
| *Intervenor Plaintiffs,* | CIVIL ACTION NO. 5:25-CV-5087 |
| v. | |
| COLE JESTER, in his official capacity as Secretary of State of Arkansas; and | |
| TIM GRIFFIN, in his official capacity as Attorney General of Arkansas, | |
| *Defendants.* | |

## DEFENDANTS' ANSWER
## TO INTERVENOR-PLAINTIFFS' COMPLAINT

Defendants, for their answer to Intervenor-Plaintiffs' complaint, state:

1.      Paragraph 1 contains legal conclusions to which Defendants are not required to respond. The provision of the Arkansas Constitution speaks for itself. To the extent a response is necessary, Defendants deny the allegations in paragraph 1.

2.      Paragraph 2 contains legal conclusions to which Defendants are not required to respond. The case cited in the paragraph speaks for itself. To the extent a response is necessary, Defendants deny the allegations in paragraph 2.

3.      Paragraph 3 contains legal conclusions to which Defendants are not required to respond. To the extent Defendants are required to respond, they deny the allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4, and they deny Intervenor-Plaintiffs are entitled to the relief they are seeking.

5.      Paragraph 5, and its subsequent subsections, contain legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations contained in paragraph 5 and its subsections. Defendants admit that the enacted laws cited by Intervenor-Plaintiffs were passed by the Arkansas General Assembly. The laws speak for themselves, and Defendants deny any allegations inconsistent therewith.

6.      Paragraph 6 contains legal conclusions to which Defendants are not required to responds. To the extent a response is necessary, the allegations are denied.

7.      Paragraph 7 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

8.    Defendants deny the allegations in paragraph 8.

## **JURISDICTION AND VENUE[1]**

9.    Paragraph 9 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 9.

10.    Paragraph 10 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 10.

## **PARTIES**

11.    Defendants admit that the Arkansas Attorney General certified Intervenor-Plaintiff's popular name and ballot title. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 11.

12.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.    Defendants admit that Cole Jester is the Arkansas Secretary of State, that he is being sued in his official capacity, and that he is responsible for enforcing specific statutes. How Secretary Jester carries out his statutory roles is a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations. Defendants deny the remainder of the allegations in paragraph 13.

---

[1]Defendants use the section headings in the complaint in intervention only for the reader's ease. To the extent it is required, they deny all allegations, explicit and implied, from every heading in Intervenor-Plaintiffs' complaint.

14.    Defendants admit that Tim Griffin is the Arkansas Attorney General, that he is being sued in his official capacity, and that he is responsible for enforcing specific statutes. How Attorney General Griffin carries out his statutory roles is a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 14.

## **FACTS**

15.    Paragraph 15 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations.

16.    Defendants affirmatively state that Article 5, Section 1 of the Arkansas Constitution speaks for itself and deny any allegations inconsistent therewith. Paragraph 16 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations.

17.    Defendants affirmatively state that Article 5, Section 1 of the Arkansas Constitution speaks for itself and deny any allegations inconsistent therewith. Paragraph 17 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 17 and its accompanying footnotes.

18.    Defendants affirmatively state that the provisions of the Arkansas Code cited by Intervenor-Plaintiffs speak for themselves, and they deny any allegations inconsistent therewith. Paragraph 18 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations paragraph 18 and footnote 4. Defendants are without knowledge or

information sufficient to form a belief about the truth of the allegations contained in footnote 3.

19.    Paragraph 19 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied. Defendants are without knowledge or information sufficient to form a belief about the truth of the time in which the Arkansas Supreme Court "typically addresses" "the sufficiency of ballot title."

20.    Paragraph 20 contains legal conclusions to which Defendants are not required to respond. To the extent Defendants must respond, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.    Paragraph 22 contains legal conclusions to which Defendants are not required to respond. To the extent Defendants must respond, Defendants deny the allegations set forth in paragraph 22.

23.    Defendants are without knowledge or information sufficient to form a belief about the allegations in paragraph 23 and its subsections.

24.    Paragraph 24 contains legal conclusions to which Defendants are not required to respond. To the extent Defendants must respond, Defendants deny the allegations set forth in paragraph 24.

25.    Paragraph 25 does not contain any legal allegations and is merely transitioning to the next section of the complaint. To the extent that this could be

construed as anything other than a transition, Defendants deny the allegations in paragraph 25.

## The Reading-Level Requirement

26.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.    Defendants admit the allegations in paragraph 27 and its accompanying footnote.

28.    Paragraph 28 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

29.    Paragraph 29 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

30.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.    Paragraph 31 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief about the allegations in paragraph 31. Defendants affirmatively state that Arkansas law speaks for itself and deny any allegations inconsistent therewith.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny that applying Flesch-Kincaid Grade Level formula "exhibits the unlikelihood that any measure can satisfy" the requirements set forth by Arkansas law. Defendants are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 33.

6

34.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.    Paragraph 35 contains legal conclusions to which Defendants are not required to respond. To the extent Defendants must respond, Defendants deny the allegations set forth in paragraph 35.

## The Canvassing Regulations (Act 218, 241, and 274)

36.    Defendants admit that the General Assembly passed Act 218, Act 240, and Act 274 during the 2025 legislative session and admit that the Acts are codified as listed in the footnotes that accompany paragraph 36. Defendants deny the remainder of the allegations set forth in paragraph 36.

37.    Defendants admit the allegations in paragraph 37.

38.    Defendants affirmatively state that Act 218 of 2025 speaks for itself and deny any allegations inconsistent therewith. Paragraph 38 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations.

39.    Defendants affirmatively state that Act 218 of 2025 speaks for itself and deny any allegations inconsistent therewith. Paragraph 39 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations.

40.    Defendants affirmatively state that Act 218 of 2025 speaks for itself and deny any allegations inconsistent therewith. Paragraph 39 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations.

7

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Paragraph 44 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

45.     Paragraph 45 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

46.     Defendants deny the allegations in paragraph 46.

47.     Paragraph 47 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 47.

## The ID Requirement (Act 240)

48.     Paragraph 48 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

49.     Paragraph 49 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

50.     Paragraph 50 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

51.     Defendants deny the allegations in paragraph 51.

52.     Paragraph 52 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

53.     Paragraph 53 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

54.     Paragraph 54 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Paragraph 57 contains legal conclusions to which Defendants are not required to respond. To the extent it must respond, Defendants are without sufficient knowledge or information sufficient to form a belief about the remaining allegations in paragraph 57.

## The Reading Requirement (Act 274)

58.     Paragraph 58 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

59.     Defendants are without sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59.

60.     Paragraph 60 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 60.

61.     Paragraph 61 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 61 and deny that the requirement serves no legitimate purpose.

62.     Defendants are without sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62. Paragraph 62 also contains legal conclusions to which Defendants are not required to

respond. To the extent a response is required, the allegations are denied.

63.     Paragraph 63 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

64.     Paragraph 64 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

65.     Paragraph 65 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

### The In-State Requirements (Act 453 and Ark. Code Ann. § 7-9-103(a)(6)

70.     Defendants affirmatively state that Ark. Code Ann. § 7-9-103(a)(6) speaks for itself and deny any allegations inconsistent therewith in paragraph 70.

71.     Paragraph 71 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

72.     Defendants affirmatively state that Act 453 went into effect on August 5, 2025, and they deny that Act 453 went into effect on August 4, 2025, as stated in paragraph 72.

73.     Paragraph 73 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants affirmatively state that the Arkansas Supreme Court opinion in paragraph 73 speaks for itself, and Defendants deny any allegations inconsistent therewith.

74. Paragraph 74 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants affirmatively state that Act 453 and the decision in *Leathers v. Warmack*, 341 Ark. 609, 618 (2000) speak for themselves, and they deny any allegations inconsistent therewith.

75. Defendants deny the allegations in paragraph 75.

76. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and therefore deny same.

77. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 and therefore deny same.

## The Pre-Collection Disclosure Requirement (Ark. Code Ann. § 7-9 601(a)(2)(C) and related provisions)

78. Defendants affirmatively state that Ark. Code Ann. § 7-9-601(a)(2)(C) speaks for itself and deny any allegations in paragraph 78 inconsistent therewith. Paragraph 78 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

79. Paragraph 79 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

80. Paragraph 80 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

81. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83. Defendants affirmatively state that Ark. Code Ann. § 7-9-126(e) speaks

for itself and deny any allegations in paragraph 83 inconsistent therewith.

84.    Paragraph 84 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

85.    Paragraph 85 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

86.    Paragraph 86 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations in paragraph 86.

## The Additional Affidavit Requirement and Post-Affidavit Canvassing Pause (Act 241)

87.    Paragraph 87 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

88.    Defendants admit that Act 241 was enacted with an emergency clause and is currently in effect, and they admit that Act 241 is codified at Arkansas Code Annotated § 7-9-111(j)–(k).

89.    Paragraph 89 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

90.    Paragraph 90 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

91.    Paragraph 91 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

92.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.    Defendants affirmatively state that Act 241 of 2025 speaks for itself and

deny any allegations in paragraph 93 inconsistent therewith, including paragraph 93's characterizations to the extent that they are inconsistent with the law.

94.    Defendants affirmatively state that Act 241 of 2025 speaks for itself and deny any allegations inconsistent therewith. Paragraph 94 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, Defendants deny the allegations.

## The Signature-Exclusion Provision

95.    Defendants affirmatively state that Act 273 of 2025 speaks for itself and deny any allegations in paragraph 95 inconsistent therewith.

96.    Defendants admit that Act 273 was enacted with an emergency clause and is currently in effect as stated in paragraph 96, and they admit the allegations in footnote 11.

97.    Defendants deny the allegations in paragraph 97.

98.    Paragraph 98 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

99.    Paragraph 99 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

100.    Paragraph 100 contains legal conclusions to which Defendants are not required to respond. To the extent a response is necessary, the allegations are denied.

## Intervenor-Plaintiff's efforts to place their measures on the ballot

101.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.    Defendants are without knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 102.

103.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

105.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105.

106.    The Arkansas Attorney General's Opinion approving For AR Kids ballot title for the 2026 election cycle speaks for itself, and Defendants deny any allegations in paragraph 106 inconsistent therewith. To the extent the language of the ballot title is consistent with the approved language in the Attorney General's Opinion, Defendants admit the allegations in paragraph 106.

107.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.

108.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.

111.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

112.    Defendants are without knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 112.

113.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.

115.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.

117.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

## Protect AR Rights

118.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.

119.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.

120.   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

121.   Defendants affirmatively state that the Attorney General received Protect AR Rights's first version of its proposed ballot measure on May 19, 2025, and the Attorney General issued Opinion No. 2025-037 regarding Protect AR Rights's submission on June 2, 2025. The Attorney General's Opinion speaks for itself, and Defendants deny any allegations inconsistent therewith. To the extent the language

of the ballot title is consistent with the rejected language in the Attorney General's Opinion, Defendants admit the allegations in paragraph 121.

122.    Defendants affirmatively state that the Attorney General's June 2, 2025 Opinion (Op. No. 2025-037) speaks for itself, and they deny any allegations inconsistent therewith. Defendants admit that the proposed ballot title the Attorney General received on May 19, 2025 was rejected by the Attorney General for certification. To the extent the remaining allegations are consistent with the findings in the Attorney General's Opinion, Defendants admit the allegations in paragraph 122.

123.    Defendants affirmatively state that the Attorney General received Protect AR Rights's revised version of its proposed ballot measure on June 17, 2025, and the Attorney General issued Opinion No. 2025-046 regarding Protect AR Rights's submission on July 1, 2025. The Attorney General's Opinion speaks for itself, and Defendants deny any allegations inconsistent therewith. To the extent the language of the ballot title is consistent with the rejected language in the Attorney General's Opinion, Defendants admit the allegations in paragraph 123.

124.    Defendants affirmatively state that the Attorney General's July 1, 2025 Opinion (Op. No. 2025-046) speaks for itself, and they deny any allegations inconsistent therewith. Defendants admit that the proposed ballot title the Attorney General received on June 17, 2025 was rejected by the Attorney General for certification on July 1, 2025. To the extent the remaining allegations are consistent with the language and findings in the Attorney General's Opinion, Defendants admit the allegations in paragraph 124.

125.    Defendants affirmatively state that the Attorney General received another revised version of Protect AR Rights's proposed ballot measure on July 15, 2025, and the Attorney General issued Opinion No. 2025-056 regarding Protect AR Rights's submission on July 28, 2025. The Attorney General's Opinion speaks for itself, and Defendants deny any allegations inconsistent therewith. To the extent the language of the ballot title is consistent with the language in the Attorney General's Opinion, Defendants admit the allegations in paragraph 125.

126.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

127.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.

128.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.

## CAUSES OF ACTION

129.    Paragraph 129 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations listed in the heading/paragraph labeled "Count One" that is directly listed under paragraph 129. The heading/paragraph labeled "Count One" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

130.    Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

131.    Defendants affirmatively state that Act 602 of 2025 speaks for itself and

deny any allegations inconsistent therewith. Defendants deny the allegations in paragraph 131. Paragraph 131 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

132.    Defendants affirmatively state that Act 602 of 2025 speaks for itself and deny any allegations inconsistent therewith. Defendants deny the allegations in paragraph 132. Paragraph 132 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

133.    Defendants affirmatively state that the First Amendment to the United States Constitution speaks for itself and deny any allegations in paragraph 133 inconsistent therewith. Paragraph 133 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 133 are denied.

134.    Defendants affirmatively state that Act 602 of 2025 speaks for itself and deny any allegations inconsistent therewith. Defendants deny the allegations in paragraph 134. Paragraph 134 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

135.    Defendants deny the allegations made in the heading/paragraph labeled "Count Two" directly preceding paragraph 135. The paragraph labeled "Count Two" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate

by reference its responses to each of the preceding paragraphs as if fully set forth herein.

136.    Paragraph 136 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

137.    Defendants affirmatively state that Act 602 of 2025 speaks for itself and deny any allegations inconsistent therewith. Defendants deny the allegations in paragraph 137. Paragraph 137 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

138.    Defendants deny the allegations made in paragraph 138. Paragraph 138 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

139.    Defendants deny the allegations made in paragraph 139. Paragraph 139 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

140.    Defendants deny the allegations made in paragraph 140. Paragraph 140 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants also deny the allegations made in the heading/paragraph labeled "Count Three" directly following paragraph 140. The paragraph labeled "Count Three" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

141.    Defendants incorporate by reference its responses to each of the

preceding paragraphs as if fully set forth herein.

142.    Defendants affirmatively state that Act 602 of 2025 speaks for itself and deny any allegations inconsistent therewith. Defendants deny the allegations in paragraph 142. Paragraph 142 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

143.    Paragraph 143 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

144.    Paragraph 144 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

145.    Defendants deny the allegations made in the heading/paragraph labeled "Count Four" immediately preceding paragraph 145. The paragraph labeled "Count Four" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

146.    Defendants affirmatively state that the First Amendment to the United States Constitution speaks for itself and deny any allegations in paragraph 146 inconsistent therewith. Paragraph 146 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 146 are denied.

147.    Paragraph 147 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

The remaining allegations in paragraph 147 are denied.

148.    Paragraph 148 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 148 are denied.

149.    Paragraph 149 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 149 are denied.

150.    Paragraph 150 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

151.    Defendants affirmatively state that Act 218 speaks for itself and deny any allegations in paragraph 151 inconsistent therewith. Paragraph 151 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 151 are denied.

152.    Defendants affirmatively state that Act 240 speaks for itself and deny any allegations in paragraph 152 inconsistent therewith. Paragraph 152 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 152 are denied.

153.    Defendants affirmatively state that Act 274 speaks for itself and deny any allegations in paragraph 153 inconsistent therewith. Paragraph 153 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations

in paragraph 153 are denied.

154. Paragraph 154 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

155. Paragraph 155 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. The remaining allegations in paragraph 155 are denied.

156. Defendants deny the allegations made in the heading/paragraph labeled "Count Five" immediately preceding paragraph 156. The paragraph labeled "Count Five" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

157. Paragraph 157 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

158. Defendants affirmatively state that Act 218 and Act 240 speak for themselves, and Defendants deny any allegations in paragraph 158 inconsistent therewith. Paragraph 158 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

159. Paragraph 159 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

160. Paragraph 160 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

161. Paragraph 161 contains legal conclusions to which Defendants are not

required to respond. To the extent a response is required, the allegations are denied.

162.    Defendants deny the allegations made in the paragraph labeled "Count Six" immediately preceding paragraph 162. The paragraph/heading labeled "Count Six" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

163.    Defendants affirmatively state that Act 218 speaks for itself, and Defendants deny any allegations in paragraph 163 inconsistent therewith. Paragraph 163 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

164.    Paragraph 164 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

165.    Paragraph 165 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

166.    Defendants deny the allegations made in the paragraph/heading labeled "Count Seven" immediately preceding paragraph 166. The paragraph labeled "Count Seven" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

167.    Defendants affirmatively state that Act 240 speaks for itself, and Defendants deny any allegations in paragraph 167 inconsistent therewith. Paragraph

167 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 167.

168.    Defendants affirmatively state that Act 240 speaks for itself, and Defendants deny any allegations in paragraph 168 inconsistent therewith. Paragraph 168 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 168.

169.    Defendants affirmatively state that Act 240 speaks for itself, and Defendants deny any allegations in paragraph 169 inconsistent therewith. Paragraph 169 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 169.

170.    Paragraph 170 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

171.    Defendants deny the allegations made in the paragraph/heading labeled "Count Eight" immediately preceding paragraph 171. The paragraph labeled "Count Eight" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

172.    Defendants affirmatively state that Act 274 speaks for itself, and Defendants deny any allegations in paragraph 172 inconsistent therewith. Paragraph

172 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

173.    Defendants affirmatively state that Act 274 speaks for itself, and Defendants deny any allegations in paragraph 173 inconsistent therewith. Paragraph 173 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

174.    Defendants affirmatively state that Act 274 speaks for itself, and Defendants deny any allegations in paragraph 174 inconsistent therewith. Paragraph 174 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 174.

175.    Defendants affirmatively state that Act 240 speaks for itself, and Defendants deny any allegations in paragraph 175 inconsistent therewith. Paragraph 175 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of allegations in paragraph 175.

176.    Paragraph 176 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

177.    Defendants deny the allegations made in the paragraph/heading labeled "Count Nine" immediately preceding paragraph 177. The paragraph labeled "Count Nine" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully

set forth herein.

178.    Defendants affirmatively state that Ark. Code Ann. § 7-9-103(a)(6) and Act 453 speak for themselves, and Defendants deny any allegations in paragraph 178 inconsistent therewith. Paragraph 178 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 178.

179.    Paragraph 179 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

180.    Paragraph 180 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

181.    Paragraph 181 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 181.

182.    Paragraph 182 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

183.    Defendants deny the allegations made in the paragraph/heading labeled "Count Ten" immediately preceding paragraph 183. The paragraph labeled "Count Ten" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

184.    Defendants affirmatively state that Act 453 speaks for itself, and

Defendants deny any allegations in paragraph 184 inconsistent therewith. Paragraph 184 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

185.   Paragraph 185 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

186.   Paragraph 186 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

187.   Paragraph 187 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

188.   Paragraph 188 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

189.   Defendants deny the allegations made in the paragraph/heading labeled "Count Eleven" immediately preceding paragraph 189. The paragraph labeled "Count Eleven" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

190.   Defendants affirmatively state that Ark. Code Ann. § 7-9-601(a)(2)(C) and Ark. Code Ann. § 7-9-126(b)(4) speak for themselves, and Defendants deny any allegations in paragraph 190 inconsistent therewith. Paragraph 190 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

191.   Defendants affirmatively state that Ark. Code Ann. § 7-9-601(a)(2)(C)

speaks for itself, and Defendants deny any allegations in paragraph 191 inconsistent therewith. Paragraph 191 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

192.    Paragraph 192 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 192.

193.    Paragraph 193 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

194.    Paragraph 194 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

195.    Defendants deny the allegations made in the paragraph/heading labeled "Count Twelve" immediately preceding paragraph 195. The paragraph labeled "Count Twelve" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

196.    Paragraph 196 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 196.

197.    Paragraph 197 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 197.

198.    Paragraph 198 contains legal conclusions to which Defendants are not

required to respond. To the extent a response is required, the allegations are denied.

199.    Paragraph 199 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 199.

200.    Paragraph 200 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

201.    Defendants deny the allegations made in the paragraph/heading labeled "Count Thirteen" immediately preceding paragraph 201. The paragraph labeled "Count Thirteen" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

202.    Defendants affirmatively state that Act 241 speaks for itself, and Defendants deny any allegations in paragraph 202 inconsistent therewith. Paragraph 202 also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

203.    Defendants affirmatively state that Ark. Code. Ann. § 7-9-111(a) speaks for itself, and Defendants deny any allegations in paragraph 203 inconsistent therewith. Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 203.

204.    Paragraph 204 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 204.

205.   Paragraph 205 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 205.

206.   Paragraph 206 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

207.   Paragraph 207 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

208.   Defendants deny the allegations made in the paragraph/heading labeled "Count Fourteen" immediately preceding paragraph 208. The paragraph labeled "Count Fourteen" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

209.   Paragraph 209 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

210.   Defendants affirmatively state that Act 241 speaks for itself, and Defendants deny any allegations in paragraph 210 inconsistent therewith. Paragraph 210 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

211.   Paragraph 211 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 211.

212.   Paragraph 212 contains legal conclusions to which Defendants are not

required to respond. To the extent a response is required, the allegations are denied.

213. Paragraph 213 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

214. Defendants deny the allegations made in the paragraph/heading labeled "Count Fifteen" immediately preceding paragraph 214. The paragraph labeled "Count Fifteen" also contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants incorporate by reference its responses to each of the preceding paragraphs as if fully set forth herein.

215. Paragraph 215 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

216. Defendants affirmatively state that Act 273 speaks for itself, and Defendants deny any allegations in paragraph 216 inconsistent therewith. Paragraph 216 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

217. Paragraph 217 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. Defendants deny the remainder of the allegations in paragraph 217.

218. Paragraph 218 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

219. Paragraph 219 contains legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

## RELIEF REQUESTED

220.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 220 and all accompanying subsections of paragraph 220.

221.    Defendants deny every allegation not specifically admitted.

## AFFIRMATIVE DEFENSES

222.    Pleading affirmatively, Intervenor-Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Act 602 of 2025 violates their constitutional rights. As a result, this claim should be dismissed.

223.    Pleading affirmatively, Intervenor-Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Acts 218, 240, and 274 of 2025 violate their constitutional rights. As a result, these claims should be dismissed.

224.    Pleading affirmatively, Intervenor-Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Arkansas Code Annotated § 7-9-103(a)(6) and Act 453 of 2025 violate their constitutional rights. As a result, these claims should be dismissed.

225.    Pleading affirmatively, Intervenor-Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Ark. Code Ann. § 7-9-126(e) violates their constitutional rights. As a result, this claim should be dismissed.

226.    Pleading affirmatively, Intervenor-Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Act 241 of 2025 violates their constitutional rights. As a result, this claim should be dismissed.

227.    Pleading affirmatively, Intervenor-Plaintiffs have not plausibly alleged sufficient facts to demonstrate that Act 273 of 2025 violates their constitutional

rights. As a result, this claim should be dismissed.

228.    Pleading affirmatively, Intervenor-Plaintiffs' claims are not ripe.

229.    Pleading affirmatively, Intervenor-Plaintiffs do not have Article III standing to bring their claims.

230.    Defendants reserve the right to file any other appropriate pleading to allege any additional defenses available to them.

## **JURY DEMAND**

231.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants give notice of their jury demand for all claims so triable.

WHEREFORE, Defendants respectfully request that the Court dismiss Intervenor-Plaintiffs' complaint, and they further request any and all just and proper relief to which they may be entitled.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:    Laura Purvis
       Ark. Bar No. 2023239
       Assistant Attorney General

       Arkansas Attorney General's Office
       101 West Capitol Avenue
       Little Rock, Arkansas
       72201
       (501) 320-3085
       (501) 682-2591 fax
       laura.purvis@arkansasag.gov

       *Counsel for Defendants Cole Jester,*
       *in his official capacity as Arkansas*
       *Secretary of State and Tim Griffin,*
       *in his official capacity as Arkansas*
       *Attorney General.*