**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**LEAGUE OF WOMEN VOTERS OF ARKANSAS; SAVE AR DEMOCRACY; BONNIE HEATHER MILLER; DANIELLE QUESNELL; LEE EVANS; and AMY CRUZ** **PLAINTIFFS**

**and**

**PROTECT AR RIGHTS; and FOR AR KIDS** **INTERVENOR-PLAINTIFFS**

**V.** **CASE NO. 5:25-CV-5087**

**COLE JESTER, in his Official Capacity as Secretary of State of Arkansas** **DEFENDANT**

## JUDGMENT

For the reasons set forth in the Memorandum Opinion and Order (Doc. 135) and Bench Trial Opinion and Order (Doc. 170), **IT IS HEREBY ORDERED AND ADJUDGED** that the following Arkansas laws are **DECLARED** facially unconstitutional in violation of the First Amendment:

- The pre-collection disclosure requirement, Arkansas Code § 7-9-601(a)(2)(C)–(D);
- The canvassing regulations, Acts 218, 240, and 274, codified at *id.* §§ 103(a)(1), (a)(7), (c)(11), 109(a), (g);
- The post-collection affidavit and cool-off period of Act 241, codified at *id.* §§ 111(j)–(k), 126(c)(9);
- The publication cost reimbursement requirement, *id.* § 113(a)(2)(A);
- The residency requirement, *id.* § 103(a)(6), (a)(8)(A), (d)(1);
- The domicile requirement of Act 453, codified at *id.* § 103(a)(8)(B), (d)(1); and
- The pay-per-signature/commission ban, *id.* § 601(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the disqualifying offenses provision, *id.* § 601(b), (d)(3), is **DECLARED** unconstitutional in violation of the First Amendment as applied to Plaintiffs Lee Evans and Amy Cruz.

Finally, **IT IS ORDERED AND ADJUDGED** that Defendant, his officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with him are hereby **PERMANENTLY ENJOINED** from:

1. Disclosing or facilitating disclosure to any member of the public any information provided by Plaintiffs or Intervenor-Plaintiffs pursuant to the pre-collection disclosure requirements of Arkansas Code § 7-9-601(a);

2. Enforcing Act 218, 240, 241, 274, or 453 of 2025 against Plaintiffs, Intervenor-Plaintiffs, or canvassers with whom they are affiliated for purposes of petition circulation, including by invalidating signatures, finding petitions insufficient, or pursuing criminal charges based on noncompliance with or violation of the listed Acts.

3. Enforcing the residency requirement, Arkansas Code § 103(a)(6), (a)(8)(A), (d)(1), against Plaintiffs, Intervenor-Plaintiffs, or canvassers with whom they are affiliated for purposes of petition circulation, including by invalidating signatures, finding petitions insufficient, or pursuing criminal charges based on a canvasser's nonresidence in Arkansas.

4. Enforcing the pay-per-signature/commission ban, *id.* § 601(g), against Plaintiffs or canvassers with whom they are affiliated for purposes of petition circulation, including by invalidating signatures, finding petitions insufficient, or pursuing criminal charges for paying, offering to pay, receiving payment, or agreeing to receive payment on a basis related to the number of signatures obtained.

5. Enforcing the publication cost reimbursement requirement, *id.* § 113(a)(2)(A), against Plaintiffs, including by refusing to include an otherwise qualified measure on the ballot for nonpayment or by civilly pursuing reimbursement of publication costs.

6. Enforcing the disqualifying offenses provision, *id.* § 601(b), (d)(3), against Lee Evans, Amy Cruz, or any person who wishes to hire one or both of them as a paid canvasser, including by invalidating signatures, finding petitions insufficient, or pursuing criminal charges based on noncompliance.

**IT IS SO ORDERED** on this 21st day of August, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE